UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS J VANDERPOL, | CASE NO. C12-773 MJP |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S MOTION TO AMEND AND DENYING DEFENDANT SWINGER'S MOTIONS |
| v. | |
| STEVE SWINGER, JANE DOE SWINGER, THE UNITED STATES OF AMERICA, GSA FUND, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion to amend his complaint and answer to Defendant Steve Swinger's counterclaims (Dkt. No. 55), and motion for partial summary judgment based on collateral estoppels and res judicata (Dkt. No. 59). Also before the Court is Defendant Steve Swinger's motion to amend his answer (Dkt. No. 46), motion for an extension of time (Dkt. No. 51), motion for partial summary judgment of Plaintiff's adverse possession claim (Dkt. No. 53), and motion for summary judgment based on the statute of limitations (Dkt. No. 62). Having reviewed the motions, responses, and replies, the Court

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO AMEND AND DENYING DEFENDANT
SWINGER'S MOTIONS- 1

GRANTS Plaintiff's motions (Dkt. Nos. 55, 59) and DENIES Defendant Swinger's motions. (Dkt. Nos. 46, 51, 53, 62.)

## Background

Douglas Vanderpol, the United States, and Steve Swinger all own property on the Nooksack River. At some point, Swinger sought to place his property in the Conservation Reserve Enhancement Program ("CREP"). CREP is a land retirement program in which property owners are paid to commit agricultural lands for preservation; it is administered at the national level by the USDA's Farm Service Agency and at the local level by the Whatcom Conservation District ("District").

When Vanderpol learned of Swinger's plan to commit property on the left bank to the CREP, he informed the District that a portion of the land ("Disputed Land") was actually owned by him or the United States. Vanderpol concedes the Disputed Land was once a part of Swinger's land on the right bank of the Nooksack River, but alleges that, through accretion, the land is now part of the left bank. Alternatively, Vanderpol argues he has title due to adverse possession given that he has used the land as a grass feeding area for dairy cows.

In response, Defendant Swinger claims that he owns the property, as evidenced by his paying of property taxes. He also asserts a counterclaim for unjust enrichment and seeks to recover the value of the Disputed Land.

This is Defendant Swinger's second case involving the Disputed Land. In 2011, in Whatcom County Superior Court, he sued First American Title Insurance Company alleging failure to disclose defects in the title, including an easement on the Disputed Land. (Dkt. No. 60-1.) He also claimed First American Title failed to disclose that the Disputed Land was inaccessible. The Nooksak River splits the rest of Swinger's property from the Disputed Land.

On a motion for summary judgment, First American Title argued Swinger's deed title establishes his property as that area "lying South of River Road and Northwesterly of the Nooksak River" and thus did not include the Disputed Land.  First American Title further argued that the deed boundary remains the location of the river bank, because the river had gradually changed course through allusion.  The Whatcom County court agreed with First American Title and concluded that Swinger lacked any ownership in the Disputed Land and thus could not assert claims relating to that property.  (Dkt. No. 60-11).  For purposes of this Order, the First American Title litigation is referred to as the "Whatcom County case."

## Discussion

1. Plaintiff's Motion To Amend

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings only with the opposing party's consent or the court's leave.  "The court should freely give leave when justice so requires."  Id.  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."  Foman v. Davis, 371 U.S. 178, 182 (1962).  But if amendment would be futile, meaning any amendment would not save the complaint, a court should not grant leave to amend.  Townsend v. Univ. of Alaska, 543 F.3d 478, 485 (9th Cir. 2008).

Plaintiff moves to amend his complaint and answer to Defendant Swinger's counterclaims based the Whatcom County case.  Plaintiff seeks to assert the defenses of collateral estoppel, non-mutual collateral estoppel, and res judicata.  Plaintiff argues amendment is not based on undue delay, bad faith, it is not futile, nor will it result in prejudice to Defendant

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO AMEND AND DENYING DEFENDANT
SWINGER'S MOTIONS- 3

1 | Swinger. The Court agrees. If Swinger's ownership of the Disputed Land was litigated, his
2 | current claims of ownership in this case are precluded. Amendment is therefore not futile.
3 | Further, Swinger does not show he would be prejudiced by amendment. The Court GRANTS
4 | Plaintiff's motion to amend. (Dkt. No. 55.)
5 |     2. Plaintiff's Motion for Summary Judgment
6 |     Summary judgment is appropriate if the evidence, when viewed in the light most
7 | favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any
8 | material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); see
9 | Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of
10 | showing there is no genuine issue of material fact and that he or she is entitled to prevail as a
11 | matter of law. *Celotex,* 477 U.S. at 323. If the moving party meets his or her burden, the non-
12 | moving party "must make a showing sufficient to establish a genuine dispute of material fact
13 | regarding the existence of the essential elements of his case that he must prove at trial" in order
14 | to withstand summary judgment. Galen v. Cnty. of L.A., 477 F.3d 652, 658 (9th Cir. 2007). The
15 | court is "required to view the facts and draw reasonable inferences in the light most favorable to
16 | the [non-moving] party." Scott v. Harris, 550 U.S. 372, 378 (2007).
17 |     Plaintiff moves for summary judgment arguing that the Whatcom County case has
18 | already declared Swinger does not own the Disputed Land. Thus, his counterclaims are
19 | precluded by collateral estoppels and res judicata.
20 |     "Whether a prior state court judgment precludes relitigation of an identical claim in
21 | federal court depends on the preclusion rules of the state." Gupta v. Thai Airways Int'l, LTD.,
22 | 487 F.3d 759, 765 (9th Cir. 2007). Under Washington law, collateral estoppels applies when (1)
23 | the issue decided in the prior case is identical with the one presented in the second; (2) the prior
24 |

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO AMEND AND DENYING DEFENDANT
SWINGER'S MOTIONS- 4

case ended in a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with a party to the prior case; and (4) the doctrine does not work an injustice. Hanson v. City of Snohomish, 121 Wn.2d 552, 562 (1993).

The Court agrees that collateral estoppel precludes Defendant Swinger's counterclaims and defenses. Beginning with the first factor, the issues litigated in the Whatcom County case—whether Swinger has any ownership in the Disputed Land and whether the river moved through accretion or avulsion—are the exact claims Swinger asserts here. The Whatcom County court unequivocally found Swinger lacks any ownership interest in the Disputed Land. Because this decision was reached on a motion for summary judgment, it constitutes a final judgment. See Hisle v. Todd Pac. Shipyards Corp., 151 Wn.2d 853, 865 (2004); Ensley v. Pitcher, 152 Wn. App. 891, 899 (2009) (summary judgment can be a final judgment on the merits). Additionally, Swinger was the plaintiff in the prior case and is the party against whom the doctrine is asserted. Finally, applying the doctrine of collateral estoppel does not work an injustice. In the Whatcom County case, the parties fully litigated the very ownership issues raised here. Although Swinger was *pro se*, he vigorously contested ownership, including hiring an expert. Whether Swinger owned the Disputed Land was raised, argued, and decided in a prior proceeding. Re-litigation of ownership is unnecessary and would produce inconsistent judgments. Therefore, the Court GRANTS Plaintiff's motion for summary and DISMISSES Defendant Swinger's counterclaims.

3. Defendant Swinger's Motions

Defendant Steve Swinger moves: 1) to amend his answer (Dkt. No. 46), 2) for an extension of time (Dkt. No. 51),[1] 3) for partial summary judgment of Plaintiff's adverse

---

[1] The Court construes the motion for an extension of time as a reply in support of Swinger's motion to amend because it does not seek separate relief.

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO AMEND AND DENYING DEFENDANT
SWINGER'S MOTIONS- 5

possession claim (Dkt. No. 53), and 4) for summary judgment based on the statute of limitations (Dkt. No. 62). The Court DENIES Defendant Swinger's motions.

Defendant Swinger seeks to amend his answer to assert a statute of limitations defense. Plaintiff correctly claims amendment is futile because there is no statute of limitations for quiet title or adverse possession claim like this one – where a person is claiming that a new title for adverse possession has been acquired. (Dkt. No. 47 at 3). In <u>El Cerrito, Inc. v, Ryndak</u>, the Washington Supreme Court articulated the distinction between a claim of dispossession and acquisition through adverse possession:

> Once a person has title (which was acquired by him or his predecessor by adverse possession), the ten-year statute of limitations does not require that the property be continuously held in an adverse manner up to the time his title is quieted in a lawsuit. He may bring his action at any time after possession has been held adversely for ten years.

<u>El Cerrito, Inc. v. Ryndak</u>, 60 Wn.2d 847, 854 (1963). Plaintiff is not required to bring suit within ten years of acquiring ownership. Defendant Swinger's motion to amend is futile. Moreover, because Plaintiff's claims are not barred by the statute of limitations, Defendant Swinger's motion for summary judgment on these same grounds is also meritless.

Defendant also seeks to amend his answer to assert a right to an easement. He fails to plead *any* facts that would support a claim for an easement. Consequently, the amendment is deficient under Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

Finally, Swinger moves for summary judgment on Plaintiff's adverse possession claim. Having already found that Swinger is precluded from asserting ownership in the Disputed Land, the Court concludes Swinger's motion is moot.

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO AMEND AND DENYING DEFENDANT
SWINGER'S MOTIONS- 6

**Conclusion**

Because a Whatcom County court has already found that Defendant Swinger does not own the Disputed Land, the Court GRANTS summary judgment in favor of Plaintiff. (Dkt. No. 55.) The Court also GRANTS Plaintiff's motion to amend his complaint and answer to the counterclaims. (Dkt. No. 59.) The Court DENIES Defendant Swinger's motions. (Dkt. Nos. 46, 51, 53, 62.)

The clerk is ordered to provide copies of this order to all counsel.

Dated this 17th day of December, 2012.

Marsha J. Pechman
Chief United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S MOTION TO AMEND AND DENYING DEFENDANT SWINGER'S MOTIONS- 7