```
                                                              Chief Judge Pechman
    FILED ____ ENTERED
    LODGED ____ RECEIVED

         MAY 03 2013

       AT SEATTLE
    CLERK U.S. DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
    BY                        DEPUTY
```

12-CV-00773-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUGLAS J. VANDERPOL, a Washington resident, in his individual capacity,

    Plaintiff,

v.

STEVE SWINGER and JANE DOE SWINGER, in their individual and martial community; and the UNITED STATES OF AMERICA, GSA FUND, a governmental entity,

    Defendants.

NO. C12-773MJP

**STIPULATION BETWEEN PLAINTIFF DOUGLAS J. VANDERPOL AND UNITED STATES OF AMERICA FOR ENTRY OF AGREED ORDER QUIETING TITLE; ORDER THEREON**

WHEREAS on May 3, 2012, plaintiff Douglas J. Vanderpol (hereafter "Vanderpol") filed the above-captioned lawsuit in this Court seeking to quiet title in certain real property as between himself and defendants Steve Swinger and Jane Doe Swinger (hereafter "Swinger"), and as between himself and the United States of America (hereafter "United States"); and

WHEREAS the parties to this lawsuit are each the owners of parcels of real property located in Township 40 North, Range 2 East, Willamette Meridian in Whatcom County, Washington; and

WHEREAS the real property to which Vanderpol claims ownership (hereafter "the Vanderpol property") is identified in Whatcom County Auditor's File No. 2020604237 and is legally described as "Parcel A: the East 630 Feet of Government Lot 8, Section 35, Township 40 North, Range 2 East of W.M., except right-of-way for W. Wiser Lake Road lying along the southline thereof. Situate in

Whatcom County, Washington"; and

WHEREAS the real property to which Swinger claims ownership (hereafter "the Swinger property") is identifed in Whatcom County Auditor's File No. 2070802300 and is legally described as "'That portion of Government Lot 1, Section 35, Township 40 North, Range 2 East of the W.M., lying South of the River Road and Northwesterly of the Nooksack River, LESS river wash and all of the gravel bar on the North side of the Nooksack River lying in front of the above described property deeded to William A Van Werven under Auditor's File No. 138309. Situate in County of Whatcom, State of Washington"; and

WHEREAS the real property to which the United States claims ownership (hereafter the "United States property") is legally described as Lot 9, section 35 Township 40 North, Range 2 East, Willamette Meridian, Whatcom County, Washington; and

WHEREAS as originally surveyed and platted by the General Land Office in 1873 the Vanderpol property and the United States property were situated on the left bank of the Nooksack River, which flows southwesterly, while the Swinger property was situated on the right bank of the Nooksack River; and

WHEREAS, as to each of these properties, the Nooksack River constituted an ambulatory property boundary; and

WHEREAS in the general location where the Nooksack River adjoins the Vanderpol property, the Swinger property, and the United States property, the Nooksack River has slowly and imperceptibly moved westerly and its riverbed is now situated generally northwest of its location at the time of the 1873 Survey, depositing approximately 12.7 additional acres of land on the left bank of the Nooksack River; and

WHEREAS Vanderpol filed this lawsuit against Swinger and the United States in order to quiet title to this approximately 12.7 acres of land (hereafter, "the disputed land"); and

WHEREAS, by order dated December 17, 2012, this Court granted Summary Judgment against Swinger finding that Swinger had no interest in the disputed land and was barred by collateral estoppel from asserting a claim to the disputed land; and

WHEREAS the parties to this stipulation agree that the disputed land has been created through accretion resulting from the gradual and imperceptible movement of the Nooksack River after the time of the 1873 Survey and that, by virtue of the doctrine of accretion, as the adjoining riparian landowners, they each have acquired ownership of a proportionate share of the entirety of the disputed land; and

WHEREAS Vanderpol and the United States have also reached agreement on the location of a common property line running across the disputed land and dividing the portion belonging to Vanderpol from that which belongs to the United States; and

WHEREAS Vanderpol and the United States seek to have the Court enter an order establishing an appropriate property line across the disputed land as the boundary between their respective ownerships in the disputed land and quieting title in the entirety of the resulting parcel on the north side of this property line in favor of the United States and quieting title in the entirety of the resulting parcel on the south side of this property line in favor of Vanderpol,

NOW THEREFORE Vanderpol and the United States, through their respective attorneys of record, do hereby stipulate and agree that the Court may make and enter the following order fully and completely resolving the claim of Vanderpol against the United States in this lawsuit:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The trial date established herein and all pretrial deadlines shall be stricken.

2. The location of the common boundary line between the Vanderpol property and the United States property across the disputed land shall be determined pursuant to Section 8-133(1) of The Manual of Surveying Instructions (2009) ("The Manual"). The methodology to be followed in surveying this common boundary shall be that set forth in the attached Exhibit A, which is made a part hereof by reference, and which results in a "Parcel 1" of approximately 4.1 acres and a "Parcel 2" of approximately 8.6 acres.

3. The United States property shall be augmented by Parcel 1, and the Vanderpol property shall be augmented by Parcel 2, with the left bank of the Nooksack River serving as their westernmost property boundary, and that boundary shall be an ambulatory one. The property line between Parcel 1 and Parcel 2, derived using the methodology outlined in the Manual of Surveying Instructions (2009), Section 8-133(1), once surveyed and marked on the ground, shall be a fixed boundary.

|   |   |    |                                                                                      |
|---|---|----|--------------------------------------------------------------------------------------|
| 1 |   | 4. | Title is hereby quieted in favor of the United States in Parcel 1 as depicted in Exhibit A. |
| 2 |   | 5. | Title is hereby quieted in favor of Vanderpol in Parcel 2 as depicted in Exhibit A. |

4. Title is hereby quieted in favor of the United States in Parcel 1 as depicted in Exhibit A.

5. Title is hereby quieted in favor of Vanderpol in Parcel 2 as depicted in Exhibit A.

6. The United States shall have a right of occasional access to the United States property, including that portion described in paragraph 4, and its employees may cross the Vanderpol property, including that portion described in paragraph 5, on foot only and only during regular business hours by the most reasonably direct available route across the Vanderpol property. This right shall exist only until the death of Vanderpol or until Vanderpol shall cease to own the Vanderpol property, whichever shall occur first.

7. Copies of this order, and any judgment entered pursuant thereto, may be recorded in Whatcom County and elsewhere as appropriate. However, the failure to record this order or any judgment entered pursuant thereto shall not affect their validity or title to any property.

8. Should it be found in any future proceedings in this lawsuit that Parcel 1 and Parcel 2 as depicted in Exhibit A is not accreted land which is owned by the United States and Vanderpol respectively, and should that finding be the basis of a final judgment entered in this action, this order shall be deemed vacated and it shall have no force and effect after the date of entry of such final judgment unless a stay of judgment is obtained from the Court.

9. As between Vanderpol and the United States, each shall bear its own attorneys' fees, expenses and costs of suit incurred in this lawsuit.

///
///
///
///
///
///
///
///

10. All claims and disputes between Vanderpol and the United States in this lawsuit are fully resolved by this order.

SO STIPULATED.

DATED this 1st day of May, 2013.

BROWNLIE EVANS WOLF & LEE, LLP

s/ Mark J. Lee
MARK J. LEE, WSBA #19339
230 E. Champion St.
Bellingham, WA 98225
Telephone: (360) 676-0306
Fax: (360) 676-8058
E-Mail: mark@brownlineevans.com

Attorneys for Plaintiff

SO STIPULATED.

DATED this 1st day of May, 2013.

JENNY A. DURKAN
United States Attorney

s/ Brian C. Kipnis
BRIAN C. KIPNIS
Assistant United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, WA 98101-1671
Telephone: (206) 553-7970
Fax: (206) 553-4073
E-mail: brian.kipnis@usdoj.gov

Attorneys for Defendant United States of America

**ORDER**

IT IS SO ORDERED.
DATED this 3rd day of May, 2013.

MARSHA J. PECHMAN
Chief United States District Judge

